CHARLES J. STEVENS, SBN 106981
cstevens@gibsondunn.com
MATTHEW S. KAHN, SBN 261679
mkahn@gibsondunn.com
DEENA B. KLABER, SBN 285237
dklaber@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:   415.393.8306

Attorneys for Defendants GATAN, INC. and ROPER TECHNOLOGIES, INC.


DANIEL R. BARTLEY, Bar No.  79586
danielbartleylaw@aol.com
BARTLEY LAW OFFICES
4040 Civic Center Drive, Suite 200
San Rafael, CA 94903-4194
Telephone:  415.898.4741
Facsimile:   415.898.4841

Attorneys for Plaintiffs
BRENT BAILEY AND EMILY WADE, RELATORS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF CALIFORNIA, ex rel.  BRENT BAILEY and EMILY WADE,<br><br>                    Plaintiffs,<br><br>     v.<br><br>GATAN, INC., and ROPER INDUSTRIES, INC.,<br><br>                    Defendants. | CASE NO.  2:12-CV-0106 MCE CKD<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

////

////

The parties hereby submit for the Court's approval this Amended Stipulated Protective Order, which, when approved by the Court, shall supersede the initial Stipulated Protective Order approved by the Court on June 2, 2014.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, highly confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3 (Filing Protected Material), below, that this Amended Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rules 140, 141, and 141.1 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as well as confidential or sensitive proprietary, business, commercial or personal information.

2.3 Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff), counsel for the United States, and counsel for the State of California.

2.4 Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5 <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm.

2.8 <u>House Counsel</u>:  attorneys who are employees of a Party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Notice of Rule 502 Recall</u>:  a notice designating unintentionally produced documents or information as privileged or Protected Material, as described in Section 12 (INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL), below;

2.11 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12 <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and

subcontractors.

  2.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  2.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>PARTICULARIZED NEED FOR PROTECTION AND NEED FOR A COURT ORDER</u>

  There is particularized need for protection of all of the categories of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information described above.  Defendant Gatan, Inc. ("Gatan") is a technology company that develops and sells, among other products, highly complex cameras for use as accessories to electron microscopes.  Relators allege that Gatan's products suffered from X-ray safety deficiencies.  Therefore, this action is likely to require production of confidential, highly confidential, and proprietary information of Gatan, its parent corporation, Roper Technologies, Inc. ("Roper"), and Gatan's customers and competitors, the disclosure or use of which could cause severe and irreparable damage to the business of the Producing Party.  This includes invoices, price information, pricing strategies, budgets and other financial records, customer identities, customer lists, documents reflecting business strategies, audits, internal policies and procedures, information related to the design or development of products, proprietary technology related to products, internal compliance materials, private contracts, sales and profit information, and payroll or compensation information.

  In addition to such proprietary and confidential business information, the Parties expect that the action may involve production of confidential and private personal information of Parties and employees of Parties and Non-Parties, including payroll or compensation information, personnel records, employee data, employee complaints, employee discipline and internal investigations.

  Given the highly sensitive nature of the information to be protected and the severe harm that could be caused by improper disclosure or use, the Parties believe that a private agreement among the Parties would be inadequate and a Court order protecting such information is necessary.

4.     SCOPE

The protections conferred by this Amended Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Amended Stipulated Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

5.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.     DESIGNATING PROTECTED MATERIAL

6.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not

1  swept unjustifiably within the ambit of this Order.

2          Mass, indiscriminate, or routinized designations are prohibited.  Designations that are
3  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily
4  encumber or retard the case development process or to impose unnecessary expenses and burdens on
5  other Parties) expose the Designating Party to sanctions.

6          If it comes to a Designating Party's attention that information or items that it
7  designated for protection do not qualify for protection at all or do not qualify for the level of
8  protection initially asserted, that Designating Party must promptly notify all other Parties that it is
9  withdrawing the mistaken designation.

10         6.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this
11 Order (see, e.g., second paragraph of Section 6.2(a), below), or as otherwise stipulated or ordered,
12 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
13 designated before the material is disclosed or produced.

14         Designation in conformity with this Order requires:

15         (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but
16 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
17 affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
18 ONLY" to each page that contains Protected Material.  If only a portion or portions of the material on
19 a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s)
20 (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of
21 protection being asserted.  If it is not practical to produce a document in paginated form (e.g., an
22 electronic spreadsheet), the Producing Party may identify the document as Protected Material by
23 including the appropriate legend in the document's electronic file name.

24         A Party or Non-Party that makes original documents or materials available for
25 inspection need not designate them for protection until after the inspecting Party has indicated which
26 material it would like copied and produced.  During the inspection and before the designation, all of
27 the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
28 ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

1  copied and produced, the Producing Party must determine which documents, or portions thereof,

2  qualify for protection under this Order.  Then, before producing the specified documents, the

3  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

4  CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

5  If only a portion or portions of the material on a page qualifies for protection, the Producing Party

6  also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

7  margins) and must specify, for each portion, the level of protection being asserted.

8  　　　　(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

9  Designating Party identify on the record, before the close of the deposition, hearing, or other

10 proceeding, all protected testimony and specify the level of protection being asserted.

11 　　　　(c) <u>for information produced in some form other than documentary and for any other

12 tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or

13 containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

14 CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information

15 or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

16 portion(s) and specify the level of protection being asserted.

17 　　　　6.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to

18 designate qualified information or items does not, standing alone, waive the Designating Party's right

19 to secure protection under this Order for such material.  Upon timely correction of a designation, the

20 Receiving Party must make reasonable efforts to assure that the material is treated in accordance with

21 the provisions of this Order.

22 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

23 　　　　7.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

24 confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

25 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

26 or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

27 confidentiality designation by electing not to mount a challenge promptly after the original

28 designation is disclosed.

   7.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge, on a designation-by-designation and/or document-by-document basis (i.e., it is not sufficient to assert a blanket challenge to "all" or a group of designations).  That notwithstanding, should a Challenging Party challenge the designation for a range of documents on the exact same basis, it is permissible for the Challenging Party to specifically describe the basis for the challenge and identify the range of documents by Bates numbers.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Amended Stipulated Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   7.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall file and serve a motion to resolve the dispute regarding confidentiality under Local Rule 251 (and in compliance with Local Rule 141, if applicable) within 21 days of the initial notice of challenge or within 21 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so,

including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to resolve the dispute as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 (FINAL DISPOSITION), below.

8.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees and contract attorneys and paralegals of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)    the Court and its personnel;

        (e)    Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Amended Stipulated Protective Order;

        (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        (h)    counsel for the United States and the State of California, respectively; and such Experts and government staff as they elect to show documents incident to their monitoring this case and/or their participating in any way in this case, so long as such counsel, Experts, or government staff have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A).

        8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

        (a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees and contract attorneys and paralegals of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b)    Designated House Counsel of the Receiving Party (1) who has no involvement

in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 8.4 (Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts), below, have been followed;

(d) the Court and its personnel;

(e) Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided that the Designating Party agrees to disclosure in writing or as reflected in the deposition transcript.  The Designating Party shall not unreasonably refuse agreement, and any such refusal may be subject to a motion under Local Rule 251 (and in compliance with Local Rule 141, if applicable).  The witness shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the Court reporter and may not be disclosed to anyone except as permitted under this Amended Stipulated Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h) counsel for the United States and the State of California, respectively; and such Experts and government staff as they elect to show documents incident to their monitoring this case and/or their participating in any way in this case, so long as such counsel, Experts, or government staff have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A).

8.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.</u>

(a) Subject to the exception in Section 8.4(d), unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 8.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Rule 251 (and in compliance with Local Rule 141, if applicable) seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(d) "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one.  For the avoidance of doubt, "competitor of a Party" includes, but is not limited to, companies engaged in the design, manufacturing, marketing, and/or sale of instruments and/or accessories for scanning and/or transmission electron microscopy, such as FEI, JEOL, Hitachi, Zeiss, Tescan, Nion, TVIPS, AMT, Fischione, Leica, Quorum, Delmic, Protochips, DENsolutions, Deben, Bruker, and Oxford Instruments.

8.5   Nothing in this Protective Order shall affect the rights of Outside Counsel of Record to give advice and opinions to his or her client solely relating to the this action based upon his or evaluation of Confidential Information, including Attorneys-Eyes Only Information, provided that such advice and opinions do not reveal the content of such Confidential Information except by prior written agreement of counsel for the parties, or by Order of the Court.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject to this Amended Stipulated Protective Order. Such notification shall include a copy of this Amended Stipulated Protective Order; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

  (a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  (b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of the Amended Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Amended Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rules of Evidence 502(d), and 502(e), unintentionally produced documents subject to attorney-client, work-product, or other privilege, or documents unintentionally produced without designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," later may be so designated and shall be treated as privileged or protected by giving notice to the Receiving Party through a Notice of Rule 502 Recall that identifies such privileged or Protected Material and states the basis of privilege or protection.  The process for handling documents and information subject a Notice of 502 Recall shall be as follows:

(a)     Upon service of any Notice of Rule 502 Recall, and until such time as such

Notice of Rule 502 Recall has been resolved by the Court or by agreement of the Parties, the document at issue, and all information contained therein, shall not be used or disclosed by the Receiving Party in any manner inconsistent with the provisions of this Amended Stipulated Protective Order governing the treatment of Protected Material;

      (b)    Within 14 days of receipt of the Notice of Rule 502 Recall, the Receiving Party must give written notice to the Designating Party if it wishes to dispute the Designating Party's assertion of privilege or protection;

      (c)    Within 14 days of the Receiving Party giving notice that it is contesting the Designating Party's assertion of privilege or protection, or other date as may be mutually agreed upon by the Parties, the Parties shall meet and confer (in voice to voice dialogue; other forms of communication are not sufficient) regarding that privilege or protection;

      (d)    If, after compliance with the foregoing steps (b) and (c), the Parties do not reach agreement, and the Designating Party continues to assert privilege or protection over the documents or information at issue, the Receiving Party shall file a motion with the Court pursuant to Local Rule 251 (and in compliance with Local Rule 141, if applicable) within 7 days after the date of the Parties' meet and confer (or such other time period to which the Parties have agreed in writing), for an order regarding the validity of the contested privilege or protection. In any such challenge, the Designating Party shall bear the burden of persuading the Court that the disputed document or information is privileged or Protected Material.

      (e)    If the Receiving Party fails to uphold its obligation to meet and confer with the Designating Party in accordance with the foregoing step (c), then the Designating Party's asserted privilege or protection over the document or information at issue shall be deemed to be valid, and the Receiving Party shall promptly return or destroy the document or information at issue in its possession, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing the document or information at issue. The Receiving Party must submit a written certification to the Designating Party that (1) identifies (by category, where appropriate) all the documents or information that was returned or destroyed and (2) affirms that based upon its diligent and reasonable actions, the Receiving Party has not knowingly retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing the document or information at issue.

In the event any document or information that becomes the subject of a Notice of Rule 502 Recall is included or referenced in any submission filed on the Court's electronic case filing system (whether the filing occurs before or after the issuance of the Notice of Rule 502 Recall), the Designating Party shall promptly inform the Court of such circumstance and request that the filing in question be removed from the public docket until such time as the Notice of Rule 502 Recall has been resolved by the Court or by agreement of the Parties.

13.  MISCELLANEOUS

13.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  Right to Assert Other Objections.  By stipulating to the entry of this Amended Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Amended Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Amended Stipulated Protective Order.

13.3  Filing Protected Material.  Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the court on the merits (i.e. the Court finds that the sealing of the information is not justified because the material sought to be protected does not qualify as either "Confidential" or "Highly-Confidential – Attorneys' Eyes Only" Information and/or the Court finds that public disclosure of the record outweighs the private interest in confidentiality), then the

Receiving Party may file the information in the public record pursuant to Local Rule 141 unless otherwise instructed by the court.

14. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Amended Stipulated Protective Order as set forth in Section 5 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  October 23, 2015

CHARLES J. STEVENS
MATTHEW S. KAHN
DEENA B. KLABER
GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Matthew S. Kahn
             Matthew S. Kahn

Attorneys for Defendants GATAN, INC. and ROPER TECHNOLOGIES, INC.

Dated:  October 23, 2015

                                DANIEL R. BARTLEY
                                BARTLEY LAW OFFICES

                                By:  /s/ Daniel R. Bartley (as authorized on 10/23/15)
                                        Daniel R. Bartley

                                Attorneys for Plaintiffs BRENT BAILEY AND EMILY WADE, RELATORS

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  October 26, 2015

                                _____
                                CAROLYN K. DELANEY
                                UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Amended Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *United States of America, et al. v. Gatan, Inc.*, Case No. 2:12-CV-0106 MCE CKD. I agree to comply with and to be bound by all the terms of this Amended Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Amended Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Amended Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Amended Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Gibson, Dunn & Crutcher LLP