UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT BAILEY, et al., | No. 2:12-cv-0106 MCE CKD |
| Plaintiffs, | |
| v. | ORDER |
| GATAN, INC., | |
| Defendants. | |

    This matter came before the undersigned for an informal discovery conference on July 28, 2016. After discussion with counsel, the court issued an order on July 29, 2016 setting a briefing schedule for plaintiffs' motion to compel and set forth specific parameters for the joint statement regarding the length of the argument and attachment of exhibits. ECF No. 108. The parties thereafter requested clarification of the order regarding submission of the exhibits to the opposing side. The court accordingly on August 1, 2016 issued a minute order clarifying the July 28, 2016 order. ECF No. 109.

    On August 4, 2016, one day after plaintiffs' portion of the joint statement was supposed to be provided to defense counsel, the court was apprised that plaintiffs' counsel had failed to comply with the court's July 28, 2016 order. The court was informed that defendants' counsel received from plaintiff's counsel on August 3, 2016 at 11:37 p.m. a 118-page plaintiff's portion of the joint statement containing at least 35 pages of argument. The court held another informal

discovery conference on August 4, 2016, with Daniel Bartley appearing telephonically for plaintiffs and Matthew Kahn appearing telephonically for defendants.  Defendants thereafter submitted copies of correspondence between defense and plaintiffs' counsel.  Upon review of the docket and upon hearing the discussion of counsel, the court finds that plaintiffs' counsel has violated this court's order regarding briefing on plaintiffs' motion to compel and that such conduct has thwarted the court's attempts to have discovery disputes in this case resolved in a reasonable manner.[1]  It appears plaintiffs' counsel is unwilling or incapable of complying with the court's orders regarding briefing.  In order to avoid prejudice to the defendants, there appears to be no other alternative than to deny the motion without prejudice.[2]

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to compel (ECF No. 111) is denied without prejudice.

Dated:  August 4, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 bailey106.oah.mtc

---

[1] The court notes that the scheduling order in this case has been amended three times and that the discovery cut-off is August 22, 2016.  ECF No. 101.  The court's order regarding the briefing on the joint statement was designed, in part, to avoid placing an unjustified burden on defendants in having to respond to plaintiffs' eleventh hour motion.  The conduct of plaintiffs' counsel in ignoring the court's order completely undermined the court's attempt to reasonably accommodate the needs of both sides to this action.

[2] Should plaintiffs obtain yet another modification of the scheduling order, plaintiffs may renew their motion.  However, upon the filing of any renewed motion, the court will issue a briefing schedule which must be strictly adhered to by plaintiffs' counsel.  The court does not mean to suggest by denying the instant motion without prejudice that a further modification of the scheduling order is warranted or that any motion to compel should be filed without fully meeting and conferring prior to the filing of said motion.