UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, ex. rel. BRENT BAILEY AND EMILY WADE, , | No. 2:12-cv-106 MCE CKD |
| Plaintiffs/Relators, | ORDER |
| v. | |
| GATAN, INC, et al., | |
| Defendants. | |

Defendants' motion for sanctions came on regularly for hearing on August 17, 2016. Daniel Bartley appeared for plaintiffs/relators. Matthew Kahn and Deena Klaber appeared for defendants. Upon review of the documents in support and opposition, upon review of documents submitted in camera, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this qui tam action, plaintiffs/relators allege claims under the federal and California False Claims Acts arising out of defendants' manufacture and selling of cameras and other accessories used with electron microscopes. Relators claim the products were defective because they allegedly leak harmful X-ray radiation.

A protective order was entered on October 26, 2015. ECF No. 79. That order, in pertinent part, defines "Confidential" information as "information (regardless of how it is

1

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), as well as confidential or sensitive proprietary, business, commercial or personal information." ECF No. 79, ¶ 2.2. "Attorneys Eyes Only" is defined as "extremely sensitive 'Confidential Information or Items,' disclosure of which to another Party or Non-Party would create a substantial risk of serious harm." ECF No. 79, ¶ 2.7. Under the recitation of particularized need for protection and need for a court order, the parties recite that "this action is likely to require production of confidential, highly confidential, and proprietary information of Gatan, its parent corporation, Roper Technologies, Inc. ("Roper"), and Gatan's customers and competitors, the disclosure or use of which could cause severe and irreparable damage to the business of the Producing Party. This includes invoices, price information, pricing strategies, budgets and other financial records, customer identities, customer lists, documents reflecting business strategies, audits, internal policies and procedures, information related to the design or development of products, proprietary technology related to products, internal compliance materials, private contracts, sales and profit information, and payroll or compensation information." ECF No. 79, ¶ 3.

Defendants contend that the relators violated the protective order by reviewing documents designated "Attorneys Eyes Only" and by divulging the content of documents designated "Confidential" and "Attorney Eyes Only" to customers of Gatan. Defendants further contend that relators violated the protective order by using protected material for purposes other than this litigation.

The court has thoroughly reviewed the depositions of relators as well as all declarations and documents submitted in connection with the pending motion. Upon this review, the court finds that relators have violated the protective order by reviewing documents properly designated "Attorney Eyes Only" and that plaintiffs' counsel is culpable in this violation. In addition, while arguably it would not have been a violation of the protective order to simply inquire of Gatan's customers whether they had received a letter of disclaimer, relators here did more. Relators claim that they did not specifically share the contents of protected documents with Gatan customers; however, review of their deposition transcripts demonstrate that relators "warned" the customers

based on what they thought the protected documents showed.  In addition, it is readily evident that relators used information from documents designated as "Confidential" or "Attorneys Eyes Only" for purposes other than this litigation.  Relators have admitted that they discovered from protected documents the names of institutions to which Gatan products had been sold and used that general information to contact specific individuals to warn them about alleged X-ray leakage.  Such conduct violated the protective order.  ECF No. 79, ¶ 8.1 (protected material may be used only for prosecuting, defending, or attempting to settle this litigation); ¶ 8.2 (disclosure of "confidential" information may not be made to third parties); ¶ 8.3 (disclosure to plaintiffs of documents designated "Attorneys Eyes Only" is barred).

Turning to the question of the appropriate sanction for violation of the protective order, the court recognizes the difficulties encountered by plaintiffs/relators and their counsel in processing a significant document production made near the end of discovery and that the documents were produced as they were maintained in the ordinary course of business, causing approximately 30 documents designated as "Attorneys Eyes Only" to be scattered among 5,000 documents.  The court also recognizes that plaintiffs/relators believe (whether justified or not) that the protected documents raise serious concerns regarding public health.  However, plaintiffs/relators do not have the right to engage in blatant violations of the protective order.  The court will therefore direct payment of reasonable expenses incurred in connection with the motion of $5,000 under Federal Rule of Civil Procedure 37(b)(2)(C).  Considering all the circumstances of this case, the court finds that an award greater than that amount would be unjust.

In addition, while cognizant of prior restraint issues, the court will bar plaintiffs/relators from communicating with Gatan's customers regarding X-ray radiation emissions from configurations of electron microscopes and Gatan products.  While plaintiffs/relators claim that much of the information which led to their contacts with Gatan customers is publicly available, it is clear that the thread leading to those contacts trails back to protected documents produced by defendants.  The court concludes that the only way to compel compliance with the court's protective order is by barring plaintiffs/relators from engaging in certain communications. Defendants' request to also bar plaintiffs' counsel, however, sweeps with too broad a broom and

would create unwarranted impediment to prosecution of the matter.  The court will reserve decision on whether to issue the evidentiary sanctions sought by defendants pending further briefing from defendants as to the precise nature of the alleged harm caused by relators' conversations with the customers contacted by relators.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Defendants' motion for sanctions (ECF No. 105) is granted in part.

        A.  Reasonable expenses in the amount of $5,000 are awarded to defendants against plaintiffs/relators Brent Bailey and Emily Wade, and their counsel Daniel Bartley, jointly and severally;

        B.  Until conclusion of this litigation, absent further order from the Court, plaintiffs/relators Brent Bailey and Emily Wade are prohibited from having communications with any of defendants' customers regarding X-ray radiation emissions from configurations of electron microscopes and Gatan products.

        C.  Within fourteen days, defendants shall submit further briefing with regard to the alleged harm caused by plaintiffs/relators' conversations with the customers contacted by plaintiffs/relators.  Plaintiffs/relators shall file further briefing on the issue within fourteen days after defendants' briefing is filed.  Defendants may file a reply within seven days of plaintiff/relators' briefing. The matter shall thereafter stand submitted.

        D. The court declines to enter issue sanctions with respect to recovery of money damages.

    2.  Plaintiffs/relators are cautioned that further violation of the protective order may result in evidentiary sanctions and/or the recommendation that the action be dismissed.

    3.  Plaintiffs/relators' counsel is directed to serve a copy of this order on plaintiffs/relators.

    4.  Plaintiffs/relators' motions to file under seal the deposition transcripts of Brent Bailey and Emily Wade (ECF No. 129) and to file under seal plaintiff/relator Emily Wade's August 17, 2016 declaration (ECF No. 132) are granted.

////

////

4

5. The Clerk of Court is directed to seal plaintiffs/relators' opposition (ECF No. 115). Defendants shall file a redacted version of plaintiffs/relators' opposition within five days of the date of this order.

6. With respect to any further documents produced in this action, any documents designated "Confidential" or "Attorneys Eyes Only" shall be segregated in the production from documents that are not so designated.

Dated:  August 22, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 bailey106.oah.sanc