# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF CALIFORNIA, ex rel. BRENT BAILEY and EMILY WADE,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GATAN, INC., ROPER INDUSTRIES, INC. and DOES 1 through 100, Inclusive,<br><br>                    Defendants. | No.  2:12-cv-00106-MCE-CKD<br><br>**ORDER** |

Relators Brent Bailey ("Bailey") and Emily Wade ("Wade") (collectively "Relators")[1] brought the instant action against Gatan, Inc. ("Gatan") and its parent corporation Roper Industries ("Roper") (collectively "Defendants") under the False Claims Act, 31 U.S.C. § 3729, et seq., ("FCA") and its California counterpart, Government Code § 3729, et seq. ("CFCA").  Relator's original complaint was filed under seal on January 13, 2012, pursuant to the qui tam provisions of the FCA.  The United States of America ("United States") and the State of California ("California") thereafter

///

---

[1] On March 29, 2013, the unidentified Relator "Richard Roe" was voluntarily dismissed.  ECF No. 15.

1

declined to intervene, and the Court consequently ordered the complaint unsealed. ECF Nos. 11, 12.

Relators currently allege five claims against Defendants under both the FCA and CFCA. First Am. Compl., ECF No. 70. The claims can be summarized as follows: (1) Gatan knowingly presented, or caused to be presented, a false or fraudulent claim (first and fourth causes of action); (2) Gatan knowingly made, used or caused to be made or used, a false record or statement material to a false or fraudulent claim (second and fourth causes of action); and (3) Gatan failed to disclose false claim within reasonable time (fifth cause of action). Id.

Presently before the Court is Relators' Ex Parte Application for Leave to Renew a previously filed Motion to Compel. ECF No. 137.[2] Relators bring that Application under Federal Rule of Civil Procedure 60.[3]

Under the operative Third Amended Pretrial Scheduling Order (ECF No. 101), all discovery had to be completed by August 22, 2016. That Order defined the term "completed" as meaning, inter alia, that "all disputes relative to discovery shall have been resolved by appropriate order if necessary." Id. at ¶ IV. On July 28, 2016, some three weeks before discovery ended, Relators filed a Motion to Compel and Motion for Evidentiary and Monetary Sanctions. ECF No. 107. The assigned Magistrate Judge issued an order the next day setting the Motion to Compel for hearing on August 17, 2016. The Magistrate Judge's Order went on to require Relators, not later than August 3, 2016, to provide to Defendants' counsel their portion of the required joint statement, which was specifically limited to 12 pages of argument. ECF No. 108.

---

[2] While Relators ostensibly also ask to renew their Motion for Sanctions in the same Ex Parte Application, the Motion for Sanctions was not dismissed for failure to comply with court order and in fact was not even ruled upon until August 22, 2016, after the Application now before the Court was submitted. Moreover, Relators filed a separate motion for reconsideration of the Court's ruling imposing sanctions (ECF No. 140) that remains pending and will be separately addressed by the undersigned. Consequently, the sanctions issue is not germane to this Order.

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

On August 4, 2016, the Magistrate Judge conducted an informal discovery conference with counsel for both Relators and Defendants appearing telephonically. The Court was informed that Relators' counsel had provided, the previous day, a 118-page discovery statement with at least 35 pages of argument, in blatant contravention to the July 29, 2016 Order.  Under these circumstances, the Magistrate Judge found that Relators' counsel had violated the Court's order on briefing, with such conduct thwarting "the court's attempts to have discovery disputes in this case resolved in a timely manner." ECF No. 118, 2:6-7.  Accordingly, in order to avoid prejudice to Defendants, the Magistrate Judge denied Relators' Motion to Compel on grounds that Relators' counsel was simply "unwilling or incapable of complying with the court's orders regarding briefing." Id. at 2:7-9.

The Magistrate Judge's August 4, 2016 Order advised Relators' counsel that he had to obtain a modification of the Scheduling Order to permit him to renew his motion to compel, which had been denied without prejudice.  Nonetheless, rather than file a Motion for such modification, counsel instead filed the ex parte application now before the Court under Rule 60.  By its terms, however, Rule 60 only applies to "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  The Ninth Circuit has accordingly recognized that the Rule is only applicable "to motions attacking final, appealable orders." United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). The Magistrate Judge's Order at issue here, however, is only an interlocutory appeal not subject to appeal, and consequently Rule 60 cannot be invoked.

Relators fare no better even were the Court to construe its request as a motion to modify the scheduling order so as to permit Relators to file a renewed motion.  Orders entered before the final pretrial conference may be modified upon a showing of "good cause" under Rule 16(b).  Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).  Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609.  The district court may modify the pretrial schedule "if it cannot

1  reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ.
2  P. 16 advisory committee's notes (1983 amendment); id.  Carelessness is not
3  compatible with a finding of diligence and offers no reason for a grant of relief.  Johnson,
4  975 F.2d at 609.  Although the existence or degree of prejudice to the party opposing the
5  modification might supply additional reasons to deny a motion, the focus of the inquiry is
6  upon the moving party's reasons for seeking modification.  Id. (citing Gestetner Corp. v.
7  Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).  If the moving party was not
8  diligent, the Court's inquiry should end.  Id.

9      This case was filed on January 13, 2012.  Relator's Counsel has already obtained
10 three separate extensions to complete discovery, first from May 16, 2014 to October 31,
11 2014, then to January 22, 2016 and finally to August 22, 2016.  Counsel waited until the
12 very last minute to file his Motion to Compel and did so only in time to notice a hearing
13 for August 17, 2016, the Magistrate Judge's last available motion date before the
14 extended discovery period closed.  Relators' counsel then submitted what he viewed as
15 a "draft" of his portion of the joint statement of discovery disagreement despite the fact
16 that the Magistrate Judge's Order, had he bothered to review it, contained no reference
17 whatsoever to any such draft or anything short of a finalized statement.  Moreover, what
18 Relators' counsel did file, at 118 pages with more than 35 pages of argument, did not
19 come close to abiding by the Magistrate Judge's specific directive in limiting each side to
20 12 pages of argument in their respective statements.  While Relators' counsel appears to
21 argue that a computer "glitch" prevented him from opening the Magistrate Judge's text
22 order, Defendants indicate that they twice sent the July 29, 2016 order directly to
23 opposing counsel, with counsel confirming that he would "strictly comply with Judge
24 Delaney's order."  See Defs.' Prelim. Opp., ECF No. 146, 2:15-21.  Relators' counsel
25 also failed to file either a request for reconsideration of the Magistrate Judge's ruling or a
26 formal motion asking the Court to modify its Scheduling Order.  None of this shows the
27 diligence necessary to afford Relators the relief they seek from the discovery cutoff.
28 ///

In sum, Relator's ex parte application is both procedurally and substantively flawed, and is accordingly DENIED.

IT IS SO ORDERED.

DATED: November 10, 2016

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE