# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF CALIFORNIA, ex rel. BRENT BAILEY and EMILY WADE,<br><br>Relator,<br><br>v.<br><br>GATAN, INC., ROPER INDUSTRIES, INC. and DOES 1 through 100, Inclusive,<br><br>Defendants. | No. 2:12-cv-00106-MCE-CKD<br><br>**ORDER** |

Relators Brent Bailey ("Bailey") and Emily Wade ("Wade") (collectively "Relators")[1] brought the instant action against Gatan, Inc. ("Gatan") and its parent corporation Roper Industries ("Roper") (collectively "Defendants") under the False Claims Act, 31 U.S.C. § 3729, et seq. ("FCA"), and its California counterpart, Government Code § 3729, et seq. ("CFCA"). Relator's original complaint was filed under seal on January 13, 2012, pursuant to the qui tam provisions of the FCA. The United States of America and the State of California thereafter declined to intervene, and the Court consequently ordered the complaint unsealed. ECF Nos. 11, 12.

---

[1] On March 29, 2013, the unidentified Relator "Richard Roe" was voluntarily dismissed. ECF No. 15.

1

Relators currently allege five claims against Defendants under both the FCA and CFCA. First Am. Compl., ECF No. 70. The claims can be summarized as follows: (1) Gatan knowingly presented, or caused to be presented, a false or fraudulent claim (first and fourth causes of action); (2) Gatan knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim (second and fourth causes of action); and (3) Gatan failed to disclose a false claim within reasonable time (fifth cause of action). Id.

Presently before the Court is Relators' Motion for Reconsideration (ECF No. 187) of the Court's Order (ECF No. 180) denying Relators' Ex Parte Request for Leave to Renew a previously filed Motion to Compel (ECF No. 137). As set forth below, the Motion for Reconsideration is DENIED.

## BACKGROUND

Under the operative Third Amended Pretrial Scheduling Order, all discovery had to be completed by August 22, 2016. ECF No. 101. That Order defined the term "completed" as meaning, inter alia, that "all disputes relative to discovery shall have been resolved by appropriate order if necessary." Id. at ¶ IV. On July 28, 2016, some three weeks before discovery ended, Relators filed a Motion to Compel and Motion for Evidentiary and Monetary Sanctions. ECF No. 107. The assigned Magistrate Judge issued an order the next day setting the Motion to Compel for hearing on August 17, 2016. The Magistrate Judge's Order went on to require Relators, not later than August 3, 2016, to provide to Defendants' counsel their portion of the required joint statement, which was specifically limited to 12 pages of argument. ECF No. 108.

On August 4, 2016, the Magistrate Judge conducted an informal discovery conference with counsel for both Relators and Defendants appearing telephonically. The Court was informed that Relators' counsel had provided to Defendants' counsel the previous day a 118-page discovery statement with at least 35 pages of argument, in

blatant contravention to the July 29, 2016 Order. Under these circumstances, the Magistrate Judge found that Relators' counsel had violated the Court's Order on briefing, with such conduct thwarting "the court's attempts to have discovery disputes in this case resolved in a timely manner." ECF No. 114, 2:6-7. Accordingly, in order to avoid prejudice to Defendants, the Magistrate Judge denied Relators' Motion to Compel on grounds that Relators' counsel was simply "unwilling or incapable of complying with the court's orders regarding briefing." Id. at 2:7-8. The Magistrate Judge, however, did advise Relators that if they obtained a modification of the operative Scheduling Order, they could renew their motion. Id. at 2 n.1.

Plaintiffs filed their request to permit renewal of their Motion to Compel on August 21, 2016 (ECF No. 137). The Court denied that renewal request by Order dated November 14, 2016. ECF No. 180. Relators now ask the Court to reconsider that denial.

## STANDARD

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478). Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b).[2] Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369.

Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. Local Rule 230(j). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief through reconsideration. See, e.g., Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995). Finally, reconsideration requests are addressed to the sound discretion of the district court. Turner v. Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003).

**ANALYSIS**

The Court's November 14, 2016 Order denied Relators' Application to Renew their previously filed Motion to Compel. First, The Court reasoned that Relators could not rely on Federal Rule of Civil Procedure 60, under which the Application was made, on grounds that Rule applies only to a "final judgment, order, or proceeding," Fed. R. Civ. P. 60(b), which Relators' Application was not. Second, even under Rule 16(b) which does encompass a motion to modify the Court's Scheduling Order so as to permit Relators to file a renewed motion, the Court reasoned that the requisite showing of "good cause" for such modification had not been met. Therefore, the Court reasoned that Plaintiff's Application was both procedurally and substantively flawed, and denied it

on those bases.

In essence, Relators' Motion for Reconsideration simply asks the Court to revisit that decision. As indicated above, that is insufficient for reconsideration purposes. See, e.g., Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d at 1341. Instead, as indicated above, courts should refrain from revisiting their prior decisions unless new law or new evidence not previously available to the Court mandates a different result.

The Court already delineated, in its previous order, that this case has been pending since January 13, 2012, and that extensions to complete discovery have been granted on three separate occasions, extending that deadline from May 16, 2014, to August 22, 2016, a period of more than two years. According to Relators, the Court implied in referring to those extensions that they were all at Relators' behest. This, however, was not the Court's intent. Rather, the Court's objective was to show that Relators had ample time to complete discovery[3] yet failed to file their Motion to Compel until August 17, 2016, at the very last minute before discovery was set to close five days later.

Relators' additional claim that they were deluged with documents in response to their discovery requests is no more persuasive. Again, in the Court's estimation, any alleged "dump" of documents at the twelfth hour was due to Relators' own delay in failing to move forward with discovery earlier and more expeditiously.[4] Additionally, despite being admonished by the Magistrate Judge that each side's statement of discovery agreement should not contain more than 12 pages of argument, Relators submitted a

---

[3] Plaintiffs argue that this case remained sealed from the time of its filing until March 28, 2013, a period of more than thirteen months. But that does not detract from the significance of the extensions granted through August of 2016, or from the fact that Relators waited until the end of that extended period to do much discovery. Even looking forward from March 28, 2013, Relators still had three-and-a-half years to complete discovery yet, according to Defendants, served no written discovery after April of 2014, and took no depositions whatsoever. See Defs.' Opp., 5:10-13.

[4] According to Defendants, despite the three continuances of the discovery cut-off that were granted, Relators conducted almost no discovery for some three years after this lawsuit was instituted. They served only one set of discovery requests early in 2014, noticed no depositions, and filed no discovery motions. See ECF No. 146-1 at ¶ 2.

118-page document with more than 35 pages of argument alone.[5]  None of the circumstances suggested that Relators had acted diligently so as to demonstrate the "good cause" necessary to modify a Scheduling Order under Rule 16(b).  Johnson v. Mammoth Recreations, 975 F.2d 604, 608-09 (9th Cir. 1992).  Consequently, the Court denied Relator's modification request.  As the Court noted, if the moving party—here Relators—was not diligent, the Court's inquiry should end.  Id. at 609.

Here, contrary to Relators' assertion, the Court did adequately delineate the basis for its decision that Relators did not demonstrate the requisite diligence to modify the Court's operative Scheduling Order so as to permit a renewed motion to compel.  Relators have made no effort to show that any change in law suggests a different decision.  Nor have they shown any new facts or new circumstances that would make it manifestly unjust for the Court not to change its mind.  See Pyramid, 882 F.2d at 369.  Consequently, Relator's Motion for Reconsideration fails.

## CONCLUSION

For all the foregoing reasons, Relator's Motion for Reconsideration (ECF No. 187) is DENIED.

IT IS SO ORDERED.

Dated:  October 5, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[5] While Relators claim this was a "rough draft" for discussion purposes only, as this Court previously observed, "the Magistrate Judge's Order . . . contained no reference whatsoever to any such draft or anything short of a finalized statement."  November 22, 2016 Order, ECF No. 180, 4:16-17.